## BRANNAMAN v. WELLS.

PRACTICE.—*Supreme Court.*—*Weight of Evidence.*—Where the evidence given upon the trial of a cause seems to be evenly balanced, the finding should be against the party who has the affirmative to establish. And on appeal to the supreme court, such a finding will not be disturbed.

From the Jackson Circuit Court.

*F. Emerson, B. H. Burrell* and *L. F. Brannaman*, for appellant.

*W. K. Marshall*, for appellee.

BIDDLE, J.—Suit commenced before a justice of the peace, by Brannaman against Wells, for certain lumber alleged to have been taken and converted by Wells, of the property of Brannaman. The case, by various changes of venue, passed through the courts of three justices of the peace, was appealed to the Jackson circuit court, thence sent by a change of venue to the Washington circuit court, and thence back to the Jackson circuit court, wherein it was tried by the court, and a finding had in favor of the appellee. A motion was made, and five causes assigned, for a new trial, all of which fall within the following two, namely, that the evidence does not sustain the finding, and that the finding is contrary to law. If the evidence sustains the finding, we can not see how it can be contrary to law; so that the sufficiency of the evidence is practically the sole question in the case, and, indeed, the only one discussed by the parties in their briefs.

It appears by the evidence that each of the parties owned lumber of the same kind, which was stacked near the same place, in a saw-mill yard; and that each, from time to time, had hauled away lumber from the yard, no doubt each supposing that it was his own. The difficult question, therefore, is—not who got the lumber in controversy, but—who owned it? The appellant testifies that the lumber was his, and gives reasons in support of his

statement; the appellee testifies that the lumber was his, and also gives reasons in support of his statement; and each introduces other evidence tending to support his statement. The evidence, taken all together, is very evenly balanced, and the court below found against the party who had the affirmative to establish, and we think correctly. At least there is no judicial ground upon which we can disturb the judgment.

The judgment is affirmed, with costs.